597 P.2d 1076

**Dean A. SCHWARTZMILLER, Plaintiff-Appellant,**

v.

**The STATE of Idaho, BOARD OF PARDONS AND PAROLE, Defendant-Respondent.**

**No. 12755.**

Supreme Court of Idaho.

July 24, 1979.

Dean A. Schwartzmiller, pro se.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Boise, for defendant-respondent.

Before SHEPARD, C. J., DONALDSON, BAKES and BISTLINE, JJ., and SCOGGIN, J., Pro Tem.

PER CURIAM:

Following a 1976 conviction on a criminal charge, appellant was sentenced to an indeterminate term not to exceed 8 years. He appealed that judgment of conviction to this Court. In May, 1977, appellant petitioned the district court to establish his present eligibility for parole. His petition was dismissed and he has appealed that dismissal to this Court.

His conviction was reversed by an opinion announced March 10, 1978. *Schwartzmiller v. Winters*, 99 Idaho 18, 19, 576 P.2d 1052, 1053 (1978). We noted in that opinion that even though appellant was scheduled for parole release, that:

"Since parole may be revoked, I.C. § 20–229, and creates at best a 'conditional liberty' interest, . . . and because of the collateral consequences of a felony conviction, e. g., Idaho Const., art. 6, § 3; I.C. § 32–603(6), the fact that appellant may have been released on parole before this opinion issued does not moot the case." (Citations omitted)

99 Idaho at 19, 576 P.2d at 1053. The supplemental record now establishes that appellant was granted a parole release on or about February 8, 1978; subsequent to the reversal of the judgment of his conviction appellant was released from parole supervision, with the Commission no longer claiming any jurisdiction over him, and appellant has not been re-committed to the Idaho Department of Corrections.

The issue sought to be raised by the appeal is moot, for which reason the appeal is dismissed.